UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN CONLEY,<br><br>        Petitioner,<br><br>    v.<br><br>J. LIZARRAGA,<br><br>        Respondent. | No.  2: 14-cv-1850 KJN P<br><br><br>ORDER |

      Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

      Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  <u>See</u> 28 U.S.C. § 1915(a).

      Petitioner has consented to the jurisdiction of the undersigned.  (ECF No. 3.)

      Petitioner alleges that the trial court erred in failing to reduce the restitution ordered in two cases by the amount of time he spent in custody prior to his sentencing, pursuant to California Penal Code section 2900.5.

////

////

1

The court is required to examine a petition for federal habeas corpus relief before requiring a response to it. See Rules 3 & 4, Rules Governing § 2254 Cases. "If it plainly appears from the petition ... that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition ...." Rule 4, Rules Governing § 2254 Cases. Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

Here, the court finds that because petitioner challenges solely the restitution fine aspect of his state court judgment of conviction, this court lacks jurisdiction to consider the pending federal habeas petition. Bailey v. Hill, 599 F.3d 976, 979–80 (9th Cir. 2010) (concluding that the court lacks jurisdiction over a habeas petition that challenges only a restitution order because the requirement that restitution be paid "is not by ordinary meaning a part of [petitioner's] custody."); United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999) (Interpreting 28 U.S.C. § 2255 and finding habeas relief is limited to those "seeking release form custody" and unavailable "to those ... who challenge only fines or restitution orders."); see also Bustamanate v. Lopez, 2013 WL 632258, at *4 n. 2 (E.D.Cal. Feb.20, 2013) ("The Court also notes that the validity of the restitution aspect of Plaintiff's conviction is not cognizable by way of a petition for writ of habeas corpus under 28 U.S.C. § 2254 since it does not affect the fact or duration of his sentence."); Calderon v. Long, 2012 WL 3292387 at *2 (E.D.Cal. Aug.13, 2012) (citing the decision in Bailey and concluding that "liability under a restitution order is not a sufficiently serious restraint on liberty to warrant habeas relief .... Further, the remedy for restitution claims, namely, eliminating or altering a money judgment, has no direct impact upon, and is not directed at the source of the restraint upon, the petitioner's liberty. Instead, it would affect only the fact or amount of the restitution that has to be paid.").

For the reasons discussed above, the undersigned finds that the court does not have jurisdiction to consider petitioner's claim challenging the restitution orders issued in his criminal cases.

////

1 | Accordingly, IT IS HEREBY ORDERED that:

2 | 1. Petitioner's application to proceed in forma pauperis is granted;

3 | 2. This action is dismissed.

Dated: August 29, 2014

Con1850.dis

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE